UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZACHARY J. BOYD,

    Plaintiff,

v().

HARRIS & HARRIS, LTD.,

    Defendant.

Case No. 1:20-cv-04719

## COMPLAINT

**NOW COMES**, Plaintiff, ZACHARY J. BOYD, through undersigned counsel, complaining of Defendant, HARRIS & HARRIS, LTD., as follows:

## NATURE OF THE ACTION

1.    Plaintiff is seeking redress for the violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.    ZACHARY J. BOYD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1701 South Meeker Avenue, Muncie, Indiana 47302.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7. HARRIS & HARRIS, LTD. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

8. Defendant has its principal place of business at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1774.

13. At all times relevant, Plaintiff's number ending in 1774 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. Years ago, Plaintiff sought and received medical services from Ball Outpatient Surgery Center.

16. Said medical services resulted in an $382.00 account balance.

17. As result of financial hardship, Plaintiff was not able to make payment(s).

18. Plaintiff's $382.00 account balance – once unpaid – was referred for collection on December 6, 2019.

19. Plaintiff's $382.00 account balance is a "debt" as defined by 15 U.S.C. § 1692(a)(6).

20. Soon thereafter, Defendant started calling Plaintiff in an attempt to collect Plaintiff's $382.00 account balance on behalf of Ball Outpatient Surgery Center.

21. This included phone calls while Plaintiff was sleeping.

22. On multiple occasions, Plaintiff answered and verbally requested that Defendant's collection calls cease as he was not able to make payment(s).

23. Moreover, more than once, Plaintiff explained that he works at night so he sleeps during the day.

24. Each time Plaintiff answered Defendant's phone calls, Plaintiff was met by an approximate three-second pause

25. Despite Plaintiff's requests, Plaintiff continues to receive phone calls from numbers leading back to Defendant – including, (312) 893-4804.

26. This includes numerous phone calls while Plaintiff is sleeping.

27. In total, Defendant placed at least 15 harassing collection calls to Plaintiff following Plaintiff initial request for the phone calls to cease.

28. Upon information and belief, Defendant places these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

29. To date, Plaintiff has not received anything – *in writing* – from Defendant regarding Plaintiff's $382.00 account balance that they sought to collect from Plaintiff.

## DAMAGES

30. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32. Concerned with having had his rights violated, Plaintiff was forced to retain counsel to vindicate his rights.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

33. Paragraphs 12 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692c**

34. Section 1692c provides:

> **(a) Communication with the consumer generally.** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt
>
> ***
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

35. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at times known to be inconvenient to Plaintiff.

**Violation(s) of 15 U.S.C. § 1692d**

36. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

37. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

38. Defendant's behavior of systematically calling Plaintiff in an attempt to collect on Plaintiff's $382.00 account balance was abusive and harassing.

39. Defendant's collection calls to Plaintiff were made with specific intent of abusing, annoying, and harassing Plaintiff.

40. That Defendant knowingly continued to place calls to Plaintiff after being asked to cease is illustrative of Defendant's intent to harass Plaintiff.

**Violation(s) of 15 U.S.C. § 1692g**

41. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

43. The validation notice provisions were included by Congress to ensure that consumers receive their dispute rights.

44. Defendant violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff.

45. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692c(a)(1), d(5) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

      (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692c(a)(1), d(5) and g(a);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

46.    Paragraphs 12 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.    Defendant placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

48.    Upon information and belief, based on the three-second pause Plaintiff noticed each time Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

7

49. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

50. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

51. As plead above, on multiple occasions, Plaintiff revoked consent to be called on his cellular telephone.

52. As plead above, Plaintiff was severely harmed by Defendant's collection calls to his cellular telephone.

53. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

54. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

55. Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

56. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

57. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 12, 2020　　　　　　　　　　Respectfully submitted,

**ZACHARY J. BOYD**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com